**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ALAN EDWARDS, *et al.*, | CASE NO. 1:15-CV-959 |
| Plaintiffs, | |
| | MAGISTRATE JUDGE |
| v. | NANCY A. VECCHIARELLI |
| CITY OF MANSFIELD, *et al.*, | |
| | **MEMORANDUM OPINION & ORDER** |
| Defendants. | **(Doc. Nos. 23, 26)** |

This matter is before the Court upon the consent of the parties entered July 31, 2015.  (Doc. No. 7.)  Currently pending is the Joint Motion for Approval of Settlement filed by Plaintiffs[1] and Defendants City of Mansfield and Lori Cope, which seeks the Court's approval of a settlement agreement resolving Plaintiffs' claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  For the reasons that

---

[1] The Plaintiffs in this action are sixty-three (63) current and former law enforcement officers employed by Defendant City of Mansfield.  Specifically, the Plaintiffs in this action are Alan Edwards, Andrew Boor, Angie Eichinger, Bret Snavely, Carolyn Young, Chad Brubaker, Dan Martincin, Dave Johnson, David Scheurer, Denny Kiner, Dominga Chatman, Don Rhinehart, Doug Seman, Douglas Noblet, Frank Parrella, Jacob Rietschlin, Jason Bammann, Jeff Gillis, Jeff McKinley, Jered Kingsborough, Jim Moore, John Wendling, Jon Ahles, Joseph Petrycki, Joseph Soehnlen, Joy Stortz, Ken Carroll, Korey Kaufman, Larry Schacherer, Matt Loughman, Michael Napier, Mike Garn, Mike Higgins, Nelson Kilgore, Nicole Gearhart, Orlando Chatman, Patrick Williams, Paul Lumadue, Perry Wheeler, R. Carver, Rich Dittrich, Rich Miller, Richard Clapp, Robert Skropits, Ronee Swisher, Ryan Anschutz, Ryan Garner, Ryan Grimshaw, Sara Mosier-Napier, Shane Gearhart, Shane Gess, Shari Robertson, Stacie Garrick, Stephen Blust, Stephen Brane, Stephen Hornback, Terry Butler, Terry Rogers, Todd Vanausdale, Toneli Webb, William Bushong, and William Clemons.

follow, the proposed Settlement is APPROVED and the Joint Motion (Doc. No. 26) is GRANTED as set forth herein.[2]

## I. Background

In this action, filed May 15, 2015, Plaintiffs sought to recover wages alleged to have been earned by them and owed to them by their current and/or former employer, Defendant City of Mansfield.  (Doc. No. 1.)  In their Answer, Defendants City of Mansfield (hereinafter "the City") and Lori Cope[3] denied that Plaintiffs were entitled to additional wages, and further denied that the City violated the FLSA.  (Doc. No. 3.)

The Court conducted a Case Management Conference with counsel on August 14, 2015, at which time the parties indicated they believed the matter would be appropriate for alternative dispute resolution.  (Doc. No. 9.)  The Court thereafter conducted a mediation conference on January 28, 2016.  (Doc. No. 15.)  At that time, the Court determined that, in order for mediation to be fruitful, the parties required further discussion and time sheet review.  (*Id.*)  Upon motion of the parties, the Court extended the case management deadlines in this matter and scheduled a second mediation conference for April 21, 2016.  (Doc. Nos. 18, 19.)

On April 14, 2016, the parties filed a Joint Motion to continue the mediation conference, on the grounds they had reached a tentative settlement agreement.  (Doc.

---

[2] The parties previously filed a Joint Motion for Approval of Settlement (Doc. No. 23) on May 11, 2016.   As discussed *infra*, that motion is superceded by the instant Joint Motion for Approval.  Accordingly, the Joint Motion filed May 11, 2016 (Doc. No. 23) is denied as moot.

[3] Defendant Cope was sued in her official capacity as Safety-Service Director of the City of Mansfield.  (Doc. No. 1 at ¶ 6.)

No. 20.)  The Court granted the motion and conducted a telephonic status conference with counsel on May 2, 2016 regarding the status of the parties' tentative settlement agreement.  (Doc. Nos. 21, 22.)

On May 11, 2016, the parties filed a Joint Motion for Approval of Settlement Agreement,[4] attached to which is a copy of the proposed Settlement And Release Agreement.  (Doc. Nos. 23, 23-1.)  The Court conducted a telephonic conference with counsel on May 13, 2016, at which time the parties were ordered to re-file the joint motion to reflect that this Court will retain jurisdiction over the agreement for a period of ninety (90) days.  (Doc. No. 25.)  The Court also ordered that the re-filed Joint Motion and proposed settlement shall reflect the resolution of Plaintiffs' claims against Defendant Lori Cope.  (*Id.*)

On May 13, 2016, the parties filed a Joint Motion for Approval of Settlement (Doc. No. 26) that complied with the Court's order.  Thus, the previously filed Joint Motion for Approval of Settlement (Doc. No. 23) is denied as moot, and the Court will proceed to rule on the re-filed Joint Motion for Approval (Doc. No. 26.)

**II. Standard**

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  See *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct.

---

[4] The parties captioned this filing as a "Stipulated Order and Final Judgment."  In the first sentence of this document, however, the parties state that "[t]his matter is before the Court on the parties' Joint Motion for Approval of Settlement pursuant to §16(b) of the Fair Labor Standards Act ("FLSA"), 20 U.S.C. § 216(b)."  (Doc. No. 23 at 1.)

895, 89 L.Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,1352–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *See Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA.[5] *Id*.

As recently explained in a decision from this District, the following considerations apply in review of proposed FLSA settlements:

> In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.' " *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at \*3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at \*3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615,

---

[5] Another district court within this Circuit recently explained that "[t]he circuits are split on whether settlements or stipulations of dismissal for FLSA claims require court approval. *Compare Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982)  (requiring court approval), and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring court approval), and *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (requiring court approval), with *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012) (not requiring court approval)." *Steele v. Staffmark Investments*, LLC, ---- F.Supp.3d ----, 2016 WL 1156744 (W.D. Tenn. March 23, 2016). The Sixth Circuit has yet to rule definitively on the question. *Id.* Here, the Court need not decide this issue as the parties do not dispute that court approval is required.

> 631 (6th Cir. 2007)).  In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable.  *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

*Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at * 2 (N.D. Ohio June 9, 2014) (Lioi, J.).[6]  *See also Pittman v. Things Remembered*, 2014 WL 5073764 at * 2 (N.D. Ohio October 8, 2014) (Lioi, J.); *Bradford v. Legacy Health Services,* 2014 WL 6473588 at * 2 (N.D. Ohio Nov. 18, 2014) (White, M.J.); *Gentrup v. Renovo Services, L.L.C*, 2011 WL 2532922 at * 2–3 (S.D. Ohio June 24, 2011); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 at * 5–6 (N.D. Ohio March 8, 2010) (Lioi, J.); *Crawford v. Lexington–Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. October 23, 2008); *Snook v. Valley Ob-Gyn Clinic, PC.,* 2015 WL 144400 at * 1 (E.D. Mich. Jan. 12, 2015).  "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case."  *Gentrup*, 2011 WL 2532922 at * 3.

**III.  Analysis**

Upon careful review, the Court finds the pleadings demonstrate that the instant action presents a bona fide dispute.  Plaintiffs assert the Defendant City's method of calculating overtime wages violates the FLSA because it fails to include Plaintiffs' contractually guaranteed "wage augments" in their "regular rate" of pay, the rate to which Plaintiffs allege the FLSA's time and a half overtime multiplier is applied.  (Doc. No. 1 at 2.)  Specifically, Plaintiffs claim that, over the past three years, Defendants

---

[6] In class actions, of which this case is not, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members.  *See Schneider*, 2014 WL 2579637 at fn. 1.

"would routinely pay the Plaintiffs at an overtime rate that did not take into account the wages paid to Plaintiffs as longevity pay, uniform allowance and shift differential." (*Id.* at 3.) Plaintiffs further assert the City "had no good faith or reasonable ground for believing that it was justified in failing to include the various additional elements of compensation in the regular rate for purposes of calculating overtime in work periods during which the plaintiffs worked in excess of eight (8) hours in a twenty-four (24) hour consecutive period of time and forty (40) hours during a six (6) consecutive day work day period of time." (*Id.* at ¶ 18.) Defendants denied that they violated the FLSA and maintained Plaintiffs' claims "are barred based upon payments received by the plaintiffs in lieu of compensation or as part of their compensation." (Doc. No. 3 at ¶ 10.) The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

The Court further finds the majority of the terms of the settlement agreement are fair and reasonable. In this regard, the Court notes the settlement was the product of arms-length negotiations between parties that were represented by capable and experienced counsel. Indeed, both Plaintiffs' and Defendants' counsel believe the proposed overall settlement amount is fair and reasonable, which weighs in favor of approving the total settlement amount. See *Gentrup*, 2011 WL 2532922 at * 3. Additionally, the Court observes that, given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue. As one court in this District has found, "the certainty and finality that comes with settlement also weighs in favor of" approving a fair and reasonable settlement.

Dillworth, 2010 WL 776933 at * 6. Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation. *Id.* *See also* Crawford, 2008 WL 4724499 at * 9. Finally, the Court finds the award of attorney's fees to Plaintiffs' counsel to be reasonable in light of the complex issues of law and fact presented, and the parties' extensive settlement efforts.

Accordingly, and for all of the foregoing reasons, the Court GRANTS the parties' Joint Motion for Approval of Settlement of Claims (Doc. No. 26) and APPROVES the parties' proposed settlement agreement. The Court will retain jurisdiction over this action for a period of ninety (90) days from the date of this Order.

Plaintiffs' claims are, therefore, dismissed with prejudice, with each party to bear their own costs and the fees to be paid as set forth in the settlement agreement.

**IT IS SO ORDERED.**

s/ <u>*Nancy A. Vecchiarelli*</u><br>U.S. MAGISTRATE JUDGE

Date: May 16, 2016